UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | |
|---|---|
| 1. SHAWN COX, individually and on behalf of all others similarly situated,<br><br>v.<br><br>1. TJ INSPECTION, INC. | Case No.: CIV-23-187-G<br><br>Collective Action (29 U.S.C. § 216(b)) |

# COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. TJ Inspection retaliated against inspectors who joined *Farmer v. TJ Inspection, Inc.*, Case No. 5:22-cv-00066 (W.D. Tex.) ("*Farmer*").

2. Korey Farmer sued TJ Inspection in January 2022 for overtime pay under the Fair Labor Standards Act ("FLSA") on behalf of himself and others similarly situated.

3. The court certified *Farmer* as a collective action and 78 inspectors (including Shawn Cox) joined by filing consents.

4. Within weeks of *Farmer*'s resolution, TJ Inspection retaliated against *Farmer* plaintiffs by sending newly hired inspectors to work in their stead.

5. Because the FLSA prohibits this kind of discrimination, Cox brings this collective action to recover unpaid lost wages and additional damages under the FLSA.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question. 29 U.S.C. §§ 215(a)(3), 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because TJ Inspection is here and a substantial part of the events giving rise to Cox's claim occurred in this district.

## PARTIES

8. Cox was an Inspector for TJ Inspection from May 2022 to December 2022.

9. On August 3, 2022, Cox joined an FLSA claim against TJ Inspection.

10. Exhibit 1 is Cox's written consent to this case.

11. Cox brings this action not only in his individual capacity, but also on behalf of others similarly situated (the "FLSA Class").

12. The FLSA Class consists of inspectors employed by TJ Inspection who claimed overtime pay in *Farmer* and suffered retaliation as a result.

13. The FLSA Class was subjected to the same FLSA violations described herein.

14. The FLSA Class is properly defined as:

**All individuals who claimed overtime pay in *Farmer* and were later denied work by TJ Inspection.**

15. TJ Inspection is a pipeline inspection company. http://www.tjinspection.com/.

16. TJ Inspection is headquartered in Oklahoma City.

17. In each of the past 3 years, its gross annual revenues exceeded $5 million.

18. At all relevant times, TJ Inspections employees handled, sold, or otherwise worked on goods or materials (like cell phones, hand tools, computers, pens, etc.) that have been moved in or produced for commerce.

## FACTS

19. Cox was a hard-working employee of TJ Inspection that performed his job well.

20. On August 3, 2022, Cox filed a consent in the *Farmer* collective action "to purse [his] claims of unpaid overtime" against TJ Inspection.

21. The members of the FLSA Class claimed overtime by filing similar consent forms in *Farmer* or otherwise notifying TJ Inspection of their claim through counsel.

22. Within weeks of *Farmer*'s dismissal, TJ Inspection laid off or did not send Cox and the members of the FLSA Class out to work on their next rotation or project.

23. TJ Inspection does not lack available work.

24. TJ Inspection refusal to assign work to Cox and the FLSA Class is not the result of market conditions.

25. TJ Inspection has enough demand for inspectors that while it was denying work to Cox and the FLSA Class, it hired new inspectors to take their places.

26. TJ Inspection denied Cox and the FLSA Class work because they claimed overtime in *Farmer*.

27. Cox has diligently sought employment, but because TJ Inspection denied him work, he remains unemployed and suffers financially because of lost wages.

28. Cox suffers mentally and emotionally from the stress caused by unemployment, including inability to pay bills.

29. TJ Inspection knew Cox and the FLSA Class claimed overtime in *Farmer*.

30. TJ Inspection knew it was unlawful to discriminate because a worker claims unpaid wages under the FLSA.

31. Nonetheless, TJ Inspection denied work to Cox and the FLSA Class because they claimed unpaid wages under the FLSA.

32. TJ Inspection willfully violated the FLSA's anti-retaliation provisions.

## CAUSE OF ACTION

33. By denying work to Cox and the FLSA Class because they claimed unpaid wages under the FLSA, TJ Inspection violated the FLSA's prohibition against retaliation. 29 U.S.C. § 215(a)(3), 216(b).

34. TJ Inspection intentionally discriminated against Cox and the FLSA Class and caused them to lose employment.

35. TJ Inspection knew, or showed reckless disregard for whether, its actions in discriminating against Cox and the FLSA Class were in violation of the FLSA.

36. TJ Inspection's retaliatory actions caused Cox and the FLSA to suffer damages, including lost wages, liquidated damages, emotional distress, punitive damages, attorney's fees, and costs and expenses of suit.

## RELIEF SOUGHT

37. WHEREFORE, Cox seeks relief against TJ Inspection as follows:

    a. A declaration that TJ Inspection violated the FLSA by retaliating against Cox and the FLSA Class;

    b. A judgment against TJ Inspection awarding Cox and the FLSA Class all lost wages, liquidated damages, emotional distress, and punitive damages;

    c. An order awarding attorney's fees, costs, and expenses;

    d. Pre- and post-judgment interest at the highest applicable rates; and

    e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ Richard J. (Rex) Burch
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton*
Texas Bar No. 24051093
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com
**Attorneys for Cox**

*Application for admission pro hac vice forthcoming

- 5 -