UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN COX, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. CIV-23-187-G |
| TJ INSPECTION, INC. ) ) | |
| Defendant. ) | |

### ORDER

On February 24, 2023, Plaintiff Shawn Cox filed a Collective Action Complaint (Doc. No. 1), seeking recovery individually and on behalf of all others similarly situated against Defendant TJ Inspection, Inc. for violation of the Fair Labor Standards Act ("FLSA"). *See id.* ¶¶ 12-14.

The FLSA provides for such collective actions as follows:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

As referenced at the parties' status and scheduling conference on June 7, 2023, a "widely accepted procedure for conditional class certification under FLSA's opt-in class mechanism" is the two-tiered approach endorsed by the Tenth Circuit:

> Under [this] approach, a court determines, on an *ad hoc* case-by-case basis, whether plaintiffs are "similarly situated." In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." In doing so, a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated."

*Gore v. Circle 9 Res., LLC*, No. CIV-21-1112-G, 2022 WL 4134767, at *1 (W.D. Okla. Sept. 12, 2022) (internal quotation marks omitted); *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (alteration, citations, and internal quotation marks omitted). "'[C]onditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Health Care Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (citations omitted).

Accordingly, the Court ORDERS as follows:

Plaintiff shall submit, within fourteen (14) days of the date of entry of this Order, a written motion for conditional "notice stage" certification of the proposed class of similarly situated persons. The motion shall include a proposed form of notice to employees and a proposed notice and opt-in schedule.[1] Plaintiff's motion also shall state whether Defendant agrees or objects to the relief sought.

---

[1] *See Gore*, 2022 WL 4134767, at *2; *Gore*, No. CIV-21-1112-G, Order of Oct. 4, 2022 (Doc. No. 26) at 1-2.

IT IS SO ORDERED this 13th day of June, 2023.

CHARLES B. GOODWIN
United States District Judge

3