UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN COX, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. CIV-23-187-G |
| TJ INSPECTION, INC. ) ) | |
| Defendant. ) | |

## ORDER

Plaintiff Shawn Cox has filed a Collective Action Complaint (Doc. No. 1), seeking recovery individually and on behalf of all others similarly situated against Defendant TJ Inspection, Inc. for violation of the Fair Labor Standards Act ("FLSA"). *See id.* ¶¶ 12-14.

Now before the Court is Plaintiff's Motion (Doc. No. 35), seeking conditional class certification of a proposed class of similarly situated persons and the issuance of notice of this lawsuit to potential class members. Defendant has responded (Doc. No. 37), and Plaintiff has filed a Reply (Doc. No. 38).

I.   Relevant Standards

The FLSA permits "any one or more employees" to bring a collective action against their employer as follows:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The Tenth Circuit has endorsed a two-tiered approach to conditional class certification under the FLSA's opt-in class mechanism:

> Under [this] approach, a court determines, on an *ad hoc* case-by-case basis, whether plaintiffs are "similarly situated." In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." In doing so, a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated."

*Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (alteration, citations, and internal quotation marks omitted).

The first-stage certification, sought here by Plaintiff, "is the vehicle by which the Court authorizes the named plaintiff to give notice to the other similarly situated persons, granting them the opportunity to opt in by filing a consent with the Court." *Whitlow v. Crescent Consulting, LLC*, 322 F.R.D. 417, 420 (W.D. Okla. 2017). Such "'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Health Care Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (citations omitted); *see also Carlson v. Pharoah Energy Servs., LLC*, No. CIV-23-802-PRW, 2025 WL 952237, at *1 (W.D. Okla. Mar. 28, 2025) ("Putative collective members must opt in to the FLSA action by consenting in writing.

2

Courts have discretion to facilitate notice to potential plaintiffs." (alteration, footnote, and internal quotation marks omitted)).

II.   *Discussion*

Plaintiff defines the putative class as: "All individuals who claimed overtime in *Farmer v. TJ Inspection, Inc.* who have been denied work by TJ Inspection[, Inc.]." Pl.'s Reply Ex. 1, Proposed Notice (Doc. No. 38-1); *see also* Compl. ¶ 14.

Plaintiff, who was previously employed by Defendant, alleges that in 2022 he and 77 other workers filed an FLSA collective action suit against Defendant claiming they were owed overtime pay. *See* Collective Action Compl. ¶¶ 2-3, 8-9, 20 (citing *Farmer v. TJ Inspection, Inc.* (W.D. Tex.)). According to Plaintiff, after that suit was resolved Defendant retaliated against those plaintiff-workers "by sending newly hired inspectors to work in their stead." *Id.* ¶¶ 1, 4, 12. Specifically, "[w]ithin weeks of *Farmer*'s dismissal, TJ Inspection laid off or did not send [Plaintiff] or the members of the FLSA Class out to work on their next rotation or project," instead hiring additional inspectors. *Id.* ¶¶ 22, 25. Plaintiff also submits affidavits from himself and other workers who had been plaintiffs in *Farmer* and thereafter laid off or denied work by Defendant. *See* Pl.'s Mot. Exs. 1, 2, 3, 4 (Doc. Nos. 35-1, 35-2, 35-3, 35-4). Plaintiff alleges that Defendant's intentional discrimination violates the FLSA's anti-retaliation provision. *See* Collective Action Compl. ¶¶ 5, 32-34; 29 U.S.C. § 215(a)(3).

At this initial "notice stage," the Court "appl[ies] a fairly lenient standard for what constitute[s] 'similarly situated.'" *Thiessen*, 267 F.3d at 1103. The Court requires "only a modest factual showing" and limits its inquiry to whether the plaintiff "makes substantial

3

allegations that the putative members of the class were victims of a single policy or plan." *Carlson*, 2025 WL 952237, at *1 (internal quotation marks omitted); *Whitlow*, 322 F.R.D. at 421. "The court does not weigh the evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." *Foster v. Nova Hardbanding, LLC*, No. CV-15-1047, 2016 WL 4492829, at *2 (D.N.M. Apr. 20, 2016) (alteration and internal quotation marks omitted).

Defendant objects that the proposed class members are insufficiently similar because they joined the *Farmer* suit at different times and under different circumstances and because they did not all experience the same (if any) adverse employment actions. *See* Def.'s Resp. at 10-12; *see also* Def.'s Resp. Exs. 1, 2, 3, 4, 5 (Doc. Nos. 37-1, 37-2, 37-3, 37-4, 37-5). Such individualized inquiries do not defeat certification at this initial stage, however. *See Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004); *see also Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (explaining that "individual questions with respect to damages" generally "will not defeat class certification" (internal quotation marks omitted)). And "[q]uestions of management issues are for the second stage analysis after discovery." *Foster*, 2016 WL 4492829, at *4.

Having considered the parties' arguments and the relevant record, the Court finds that Plaintiff's allegations and evidence are sufficient to establish that the putative plaintiffs are "similarly situated" in relevant respects "so as to permit conditional certification." *Whitlow*, 322 F.R.D. at 421.

Defendant additionally objects to the wording of Plaintiff's Proposed Notice, *see* Def.'s Resp. at 13-14. Plaintiff has replied by submitting an Amended Proposed Notice,

4

which states that Defendant denies any retaliation and explains that participation in the lawsuit may result in discovery obligations. *See* Pl.'s Reply at 5-8; Pl.'s Reply Ex. 1, Am. Proposed Notice (Doc. No. 38-1). The Court finds that these revisions adequately address Defendant's relevant concerns and that the new notice is substantively appropriate, subject to the revisions ordered below.

## CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Plaintiff's Motion (Doc. No. 35) is GRANTED. The Court conditionally certifies, under 29 U.S.C. § 216(b), the putative FLSA class of all individuals who claimed overtime in *Farmer v. TJ Inspection, Inc.* who have been denied work by TJ Inspection, Inc. for the purpose of facilitating notice of this retaliation case.

2. The Court APPROVES the Amended Proposed Notice and related documents, attached as an exhibit to Plaintiff's Reply, subject to Plaintiff making the following revisions to the notice prior to distribution:

    a. On page 1, immediately below the heading "NOTICE OF LAWSUIT ALLEGING UNLAWFUL RETALIATION," Plaintiff shall add: "THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE UNITED STATES COURT FOR THE WESTERN DISTRICT OF OKLAHOMA. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THIS LAWSUIT."[1]

    b. In the third sentence of paragraph 2 on page 1, "has ordered this notice be sent" shall be replaced with "has authorized this notice to be sent."

    c. In paragraph 4 on page 2, Plaintiff shall remove the sentence: "If this case is not successful, you will receive nothing and you will not be responsible for case costs, expenses, or attorneys' fees." The sentence shall be replaced

---

[1] *See Whitlow*, 322 F.R.D. at 425.

      with: "If this case is not successful, you will receive nothing, and court costs and expenses (not including TJ Inspection's attorney's fees) could be assessed against the participating plaintiffs."[2]

    d. Plaintiff shall remove "This Court" from the first sentence of paragraph 5 on page 2, as there is no basis for stating that the Court prohibits anyone from engaging in the cited actions.[3]

    e. On page 4, in the first sentence of the language to be sent via text message, "an important Court notice" shall be replaced with "an important Court-authorized notice."

3. IT IS FURTHER ORDERED that, within 14 days of the date of this Order, Plaintiff's counsel shall send the notice and consent form to the *Farmer* plaintiffs by U.S. Mail, email, and/or text. The recipients shall have 60 days from the date the notice is sent to opt in by returning their signed consent form to Plaintiff's counsel for filing with the Court.

IT IS SO ORDERED this 12th day of August, 2025.

*[signature]*
CHARLES B. GOODWIN
United States District Judge

---

[2] *See Whitlow*, 322 F.R.D. at 423-24 & n.7.

[3] *See Whitlow*, 322 F.R.D. at 425.